**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-11174
Summary Calendar

CURTIS R. DAVIS,

Plaintiff-Appellant,

VERSUS

UNITED PARCEL SERVICE, INC.; TEAMSTERS LOCAL UNION 767,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(3:97-CV-957-G)

August 6, 1998

Before WISDOM, DUHE', and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Curtis R. Davis filed suit against the United Parcel Service (UPS), his former employer, alleging that his employment was terminated in breach of the collective bargaining agreement governing his employment. He also sued the Teamsters Local Union 767 alleging that the union breached its duty of fair representation. The district court dismissed Davis's suit after Davis refused to confer and submit a joint status report. We vacate and remand.

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On May 30, 1997, the district court ordered the parties to confer for the purpose of submitting a joint status report under Fed. R. Civ. P. 16(b). The district court wrote: "All counsel must participate in the conference. Failure to timely submit the status report may result in imposition of sanctions, including dismissal without further notice." Davis, acting *pro se*, objected to this order, arguing that he was not required to submit a joint status report under N.D. Tex. Local Rule 7.1(b)(6).[2] On June 23, 1997, the district court entered an order reminding Davis of the need for a joint status report. The court ordered Davis to "show cause in writing why sanctions should not be imposed". Davis responded by continuing to argue that he was exempt from the scheduling requirements. On October 7, 1997, the district court dismissed Davis's case with prejudice.

We review the district court's decision for abuse of discretion.[3] Dismissal is appropriate when there has been a clear pattern "of delay or contumacious conduct" and lesser sanctions would not do.[4] Before affirming a dismissal, this court also looks for aggravating factors such as a delay caused by the plaintiff himself, actual prejudice to the defendant, or delay caused by intentional conduct.[5] In this case, Davis ignored two clear orders from the district court. He was given an opportunity to show cause for his actions, but he did not. His stubborn refusal to comply with the district court's order combined with several months of delay support the district court's finding that sanctions were

---

[2]     That rule is now Local Rule 16.1(f).

[3]     *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

[4]     *Id*.

[5]     *Id*.

2

appropriate.[6]

That conclusion does not end our inquiry, however. "[A] dismissal with prejudice is not appropriate unless less severe sanctions would not serve the best interests of justice."[7] In previous cases, we have stressed the need for findings of fact on the appropriateness of lesser sanctions before a district court imposes the severe sanction of dismissal.[8] The district court did not make any express findings of fact as to the appropriateness of lesser sanctions in this case. We VACATE the district court's order of dismissal and REMAND for further proceedings consistent with this opinion.

---

[6]     *See Brinkman v. Dallas County Deputy Sheriff Arner*, 813 F.2d 744, 749-50 (5th Cir. 1987). Davis was required to follow the district court's order even though that rule may have contradicted Local Rule 7.1(b)(6). Local Rule 83.1, formerly Local Rule 1.1, provides that "notwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious." Davis's reliance upon a local rule does not save his suit from dismissal or other sanctions when he has violated a clear order from the district court. *See id*.

[7]     *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985) (internal quotations omitted).

[8]     *S.E.C. v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382-3 (5th Cir. 1992); *Callip*, 757 F.2d at 1522. We have excused this requirement of express findings of fact in cases where the district court imposed lesser sanctions before ordering a dismissal but those sanctions had little effect. *Callip*, 757 F.2d at 1521. In the present case, however, the district court did not impose lesser sanctions before ordering a dismissal.